UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re )
) Chapter 11
IRVING TANNING COMPANY )
) Case No. 05-10423 (LHK)
Debtor. )
)

**AFFIDAVIT OF ROBERT J. FEINSTEIN IN SUPPORT OF
APPLICATION FOR ORDER, PURSUANT TO SECTIONS 328 AND 1103
OF THE BANKRUPTCY CODE AND BANKRUPTCY CODE 2014 TO EMPLOY
PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C. AS LEAD
ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

ROBERT J. FEINSTEIN, being duly sworn, deposes and says:

1. I am an attorney at law licensed to practice in the State of New York and a shareholder of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. ("PSZYJW"). I have personal kowledge of the facts stated in this affidavit except as expressly stated herein.

2. PSZYJW maintains offices for the practice of law at 780 Third Avenue, 36th Floor, New York, NY 10017, and also in Los Angeles and San Francisco, California and in Wilmington, Delaware. This Affidavit is submitted in support of the Application Pursuant to Sections 328 and 1103 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankrtupcy Procedures for Order Authorizing the Employment and Retention of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. as Lead Attorneys for the Official Unsecured Creditors Committee (the "Application"). In addition, I submit this Affidavit in accordance with Local Rule 2014-1 of the District of Maine Local Bankruptcy Rules.

3. Neither I, PSZYJW, nor any shareholder, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtor (the "Debtor"),

its creditors or any other parties in interest herein, or their respective attorneys except as set forth below.

4. PSZYJW has made the following investigation prior to submitting this Affidavit. PSZYJW has undertaken a full and thorough review of its computer database which contains the names of clients and other parties interested in particular matters. PSZYJW requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through PSZYJW's database and to enter into that data base conflict information regarding new clients or new matters. Thus, a review of said computerized data base should reveal any and all actual or potential conflicts of interest with respect to any given representation. In particular, an employee of PSZYJW, under my supervision, ran the names of the Debtor, known secured creditors of the Debtor, and the thirty largest unsecured creditors of the Debtor through PSZYJW's database and found no conflicts. Furthermore, PSZYJW has no connection with the United States Trustee, or any person employed in the office of the United States Trustee.

5. PSZYJW does not represent any interest adverse to the Debtor or its estate.

6. No attorney at PSZYJW presently represents a creditor, general partner, lessor, lessee, party to an executory contract of the Debtor, any person otherwise adverse or potentially adverse to the Debtor or its estate, on any matter, whether such representation is related or unrelated to the Debtor or its estate, except PSZYJW has represented and currently does represent one member of the Committee, Tyson Foods, Inc. in other cases. The amount of fees paid to PSZYJW by Tyson Foods, Inc. was minimal and reflected less than 1% of the revenue of PSZYJW. In addition, the Debtor's schedules have not yet been filed, and PSZYJW shall amend its retention affidavit as necessary after a review of the schedules.

7. To the best of my knowledge and except as stated in paragraph 6 hereof, no attorney at PSZYJW has previously represented a creditor, general partner, lessor, lessee, party to an executory contract, or person who is otherwise adverse or potentially adverse to the Debtor or its estate, on any matter substantially related to these proceedings.

8. No promises have been received by PSZYJW nor by any member or associate thereof as to compensation in connection with its representations of the Committee in these cases other than in accordance with the provisions of the Bankruptcy Code. PSZYJW has no agreement with any entity to share any compensation received by PSZYJW.

9. Subject to Court approval in accordance with Section 330(a) of the Bankruptcy Code, compensation will be payable to PSZYJW on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZYJW. The current hourly rates charged by PSZYJW for professional and paralegals employed in its offices are:

| | |
|---|---|
| Shareholders | $375 - $675 |
| Of-Counsel | $325 - $445 |
| Associates | $235 - $365 |
| Paralegal | $ 55 - $175 |

The principal attorneys and paralegals designated to represent the Committee and their current standard hourly rates are:

| | | | |
|---|---|---|---|
| a. | Robert J. Feinstein | (Shareholder, admitted 1982) | $625.00 per hour |
| b. | Beth E. Levine | (Of Counsel, admitted 1993) | $445.00 per hour |
| c. | Ilan D. Scharf | (Associate, admitted 2002) | $235.00 per hour |
| d. | Denise A. Harris | (Paralegal) | $175.00 per hour |

10. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Committee in connection with the matters herein described.

11. The hourly rates set forth above are PSZYJW's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZYJW for the work of

3

its attorneys and paralegals and to cover fixed and routine overhead expenses. PSZYJW will not charge the Committee for non-working travel time.

12. It is PSZYJW's policy to charge its clients in all areas of practice for certain expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telecopier/facsimile charges, photocopying charges, and mileage expenses. PSZYJW will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to PSZYJW's other clients and within the guidelines of the Standard Maine Expense Level List, Appendix A of the Local Rules of this Court. PSZYJW believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

13. No promises have been received by PSZYJW nor by any shareholder, counsel or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. PSZYJW has no agreement with any other entity to share with such entity any compensation received by PSZYJW in connection with this chapter 11 case, except among the shareholders, of counsel and associates of PSZYJW.

14. PSZYJW did not receive a retainer with respect to its representation of the Committee.

15. By reason of the foregoing, I believe PSZYJW is eligible for employment and retention pursuant to sections 328 and 1103 of the Bankruptcy Code and the applicable Bankruptcy Rules.

                                                    /s/ Robert J. Feinstein\_\_
                                                    ROBERT J. FEINSTEIN

Sworn to before me this
13th day of April, 2005

/s/ Ilan D. Scharf_____
Ilan D. Scharf
Notary Public, State of New York
No. 02SC6082378
Qualified in Kings County
Commission Expires October 21, 2006